## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

| | |
|---|---|
| MICHAEL RUBIN, | : |
| | : |
| Plaintiff, | : Case No._____ |
| | : |
| v. | : COMPLAINT |
| | : |
| PROVIDENT FINANCIAL SERVICES, | : |
| INC., JAMES P. DUNIGAN, FRANK L. | : DEMAND FOR JURY TRIAL |
| FEKETE, MATTHEW K. HARDING, | : |
| ANTHONY J. LABOZZETTA, ROBERT | : |
| ADAMO, THOMAS W. BERRY, | : |
| URSULINE F. FOLEY, TERENCE | : |
| GALLAGHER, CARLOS HERNANDEZ, | : |
| EDWARD J. LEPPERT, NADINE LESLIE, | : |
| CHRISTOPHER MARTIN, ROBERT | : |
| MCNERNEY, and JOHN PUGLIESE, | : |
| | : |
| Defendants. | : |

-----------------------------------------------------------------

Plaintiff Michael Rubin ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

## NATURE AND SUMMARY OF THE ACTION

1. Plaintiff brings this action against Provident Financial Services, Inc. ("Provident" or the "Company") and the members of Provident's Board of Directors (the "Board" or the "Individual Defendants," and together with Provident, "Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9, arising out of the proposed issuance of Provident common stock to holders of Lakeland Bancorp, Inc. ("Lakeland") common stock ("Stock Issuance"), in connection with a

proposed transaction, pursuant to which Provident will acquire Lakeland through Provident's subsidiary NL 239 Corp. (the "Proposed Transaction").

2.     On September 26, 2022, Provident and Lakeland entered into an Agreement and Plan of Merger dated September 26, 2022 (the "Merger Agreement") pursuant to which, Lakeland shareholders will receive 0.8319 shares of Provident common stock for each share of Provident common stock they own.

3.     On November 21, 2022, Provident filed a Form S-4 Registration Statement (the "Registration Statement") with the SEC which omits or misrepresents material information concerning the Proposed Transaction. The failure to adequately disclose such material information renders the Registration Statement false and misleading.

4.     The stockholder vote to approve the Stock Issuance is forthcoming. Under the Merger Agreement, following a successful stockholder vote, the Proposed Transaction will be consummated. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from conducting the stockholder vote on the Stock Issuance unless and until the material information discussed below is disclosed to the holders of the Company's common stock, or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over all claims asserted herein pursuant to Section 27 of the Exchange Act and 28 U.S.C. § 1331 because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6.     Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as

to render the exercise of jurisdiction over each Defendant by this Court permissible under the traditional notions of fair play and substantial justice. "Where a federal statute such as Section 27 of the [Exchange] Act confers nationwide service of process, the question becomes whether the party has sufficient contacts with the United States, not any particular state." *Sec. Inv'r Prot. Corp. v. Vigman*, 764 F.2d 1309, 1315 (9th Cir. 1985). "[S]o long as a defendant has minimum contacts with the United States, Section 27 of the Act confers personal jurisdiction over the defendant in any federal district court." *Id.* at 1316.

7.     Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as 28 U.S.C. § 1391, because Defendants are found or are inhabitants or transact business in this District.  Indeed, the Company's stock trades on the New York Stock Exchange, which is also headquartered in this District.  *See, e.g., United States v. Svoboda*, 347 F.3d 471, 484 n.13 (2d Cir. 2003) (collecting cases).

## THE PARTIES

8.     Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of Provident.

9.     Defendant Provident is a Delaware corporation, with its principal executive offices located at 239 Washington Street, Jersey City, New Jersey 07302.  Provident's common stock trades on the New York Stock Exchange under the ticker symbol "PFS."

10.     Defendant James P. Dunigan is, and has been at all relevant times, a director of the Company.

11.     Defendant Frank L. Fekete is, and has been at all relevant times, a director of the Company.

12.     Defendant Matthew K. Harding is, and has been at all relevant times, a director of the Company.

13.     Defendant Anthony J. Labozzetta is, and has been at all relevant times, President, Chief Executive Officer, and a director of the Company.

14.     Defendant Robert Adamo is, and has been at all relevant times, a director of the Company.

15.     Defendant Thomas W. Berry is, and has been at all relevant times, a director of the Company.

16.     Defendant Ursuline F. Foley is, and has been at all relevant times, a director of the Company.

17.     Defendant Terence Gallagher is, and has been at all relevant times, President, Chief Executive Officer, and a director of the Company.

18.     Defendant Carlos Hernandez is, and has been at all relevant times, Lead Director and a director of the Company.

19.     Defendant Edward J. Leppert is, and has been at all relevant times, a director of the Company.

20.     Defendant Nadine Leslie is, and has been at all relevant times, a director of the Company.

21.     Defendant Christopher Martin is, and has been at all relevant times, Executive Chairman of the Board and a director of the Company.

22.     Defendant Robert McNerney is, and has been at all relevant times, a director of the Company.

23.     Defendant John Pugliese is, and has been at all relevant times, a director of the Company.

24.     Defendants identified in paragraphs 10-23 are referred to herein as the "Board" or the "Individual Defendants," and together with Provident, "Defendants."

## SUBSTANTIVE ALLEGATIONS

### A.  Background of the Company

25.     Provident is the holding company for Provident Bank (the "Bank"), which provides various banking products and services to individuals, families, and businesses in the United States. The Company's deposit products include savings, checking, interest-bearing checking, money market deposit, and certificate of deposit accounts, as well as IRA products.  As of December 31, 2021, Provident operated 96 full-service branch offices in northern and central New Jersey, as well as in Pennsylvania and New York counties.

### B.  The Proposed Transaction

26.     On September 27, 2022, Provident and Lakeland issued a joint press release announcing the Proposed Transaction stating, in pertinent part:

> Iselin and Oak Ridge, New Jersey, September 27, 2022 – Provident Financial Services, Inc. (NYSE: PFS) ("Provident"), the parent company of Provident Bank, and Lakeland Bancorp, Inc. (Nasdaq: LBAI) ("Lakeland"), the parent company of Lakeland Bank, today announced that they have entered into a definitive merger agreement pursuant to which the companies will combine in an all-stock merger, valued at approximately $1.3 billion.  The merger combines two complementary banking platforms to create New Jersey's preeminent super-community bank.  The combined company will have more than $25 billion in assets and $20 billion in total deposits.

> "We are excited to announce this transformational combination of two amazing organizations.  The scale and profitability of the combined organization will enable us to invest in the future, better compete for market share, and better serve our customers and communities.  We bring together a diverse group of employees who are committed to delivering exceptional service to our customers and the communities we serve," said Anthony Labozzetta, President and Chief Executive Officer of Provident.  "It is particularly gratifying to embark on this journey with our colleagues on the Lakeland team and Tom Shara, whom we have held in high regard for many years."

"As two of New Jersey's most respected banks that nearly mirror each other in our shared cultures and missions to support and deliver to our customers, communities and shareholders, we are thrilled that we're combining our talented teams," said Thomas J. Shara, Lakeland's President and CEO.   "The combination of our companies will allow us to achieve substantially more for our clients, associates, communities, and shareholders than we could alone.  I have tremendous respect for Tony Labozzetta, Chris Martin, Provident's management team and associates.  We will continue to build upon and leverage our combined strengths as we focus on the future together."

Chris Martin, Executive Chairman of Provident added: "Lakeland's board of directors and executive leadership are fully aligned with Provident's vision, values and culture.  Both companies provide best in class products and services to their customers.  We are confident that this strategic combination and the resulting strong pro forma financial performance, synergies and experienced management team will deliver on our commitment to providing superior long-term shareholder returns."

**Strategic Benefits of the Merger**

**Enhances Scale and Builds Upon Complementary Strengths**: The combined company will be strategically positioned to benefit from enhanced scale and improved opportunities for growth and profitability.  While the transaction fortifies Provident and Lakeland's positions as leading players in the Tri-State commercial real estate market, Provident's two ancillary fee-based business lines in insurance and wealth management and Lakeland's growing asset-based lending and equipment lease financing provide opportunities for additional growth and relationship expansion.  Both Provident and Lakeland have extensive experience successfully integrating with merger partners, and both are intensely focused on ensuring a smooth integration.

**Creates a Bank with a Significant New Jersey Banking Presence**: The combined company will have approximately 4% of all bank deposits in New Jersey, which represents the second largest share of New Jersey bank deposits for institutions with less than $100 billion in assets.  Its enhanced branch footprint in attractive Northern and Central New Jersey and strong capital base will allow the combined company to better serve the needs of small-to-mid-sized businesses.  The combined company will further strengthen its deep commitment to and extensive skillset in commercial lending.

**Financially Compelling**:  Pro forma calculations with respect to the combined company indicate 2024 GAAP earnings per share accretion of approximately 24% or 9% with and without purchase accounting interest rate marks, respectively.  The transaction is approximately 17% (3.6 year earnback) or 4% (1.7 year earnback) dilutive to tangible book value with and without purchase accounting interest rate marks, respectively. Management believes that conservative and achievable cost savings, projected to be approximately 35% of Lakeland's expense base, will drive

strong financial metrics, material capital generation and tangible book value per share growth. The transaction results in an internal rate of return of approximately 20%.

**Transaction Details**

Under the terms of the merger agreement, which was unanimously approved by the boards of directors of both companies, Lakeland will merge with and into Provident, with Provident as the surviving corporation, and Lakeland Bank will merge with and into Provident Bank, with Provident Bank as the surviving bank. Following the closing of the transaction, Lakeland shareholders will receive 0.8319 shares of Provident common stock for each share of Lakeland common stock they own. Upon completion of the transaction, which is subject to both Provident and Lakeland shareholder approval, Provident shareholders will own 58% and Lakeland shareholders will own 42% of the combined company.

**Name, Branding and Headquarters**

The combined company will operate under the "Provident Financial Services, Inc." name and the combined bank will operate under the "Provident Bank" name.

The administrative headquarters of the combined company will be located in Iselin, New Jersey.

The combined company will trade under the Provident ticker symbol "PFS" on the New York Stock Exchange.

**Governance and Leadership**

The combined company's board of directors will have sixteen directors, consisting of nine directors from Provident and seven directors from Lakeland.

- Christopher Martin, Provident's current Executive Chairman, will continue to serve as Executive Chairman of the combined company board of directors

- Thomas Shara Jr., Lakeland's current President, Chief Executive Officer and director, will serve as Executive Vice Chairman of the combined company board of directors

- Anthony Labozzetta, a current director of Provident, will continue to serve as a director of the combined company

- A Provident board representative will serve as the independent lead director of the combined company board of directors

The combined company will be led by a well-respected management team that is comprised of individuals with significant financial services and M&A integration experience.

- Anthony Labozzetta, Provident's current President and Chief Executive Officer, will continue to serve in that role in the combined company

- Thomas Lyons, Provident's current Senior Executive Vice President and Chief Financial Officer, will continue to serve in that role in the combined company

- The remainder of the executive team will draw from both Provident and Lakeland

**Timing and Approvals**

The merger is expected to close in the second quarter of 2023, subject to satisfaction of customary closing conditions, including receipt of customary regulatory approvals and approval by the shareholders of each company.

**Advisors**

Piper Sandler Companies is acting as financial advisor, and has rendered a fairness opinion to the board of directors of Provident.  Sullivan & Cromwell LLP is serving as legal counsel to Provident. Keefe, Bruyette & Woods, A Stifel Company is acting as financial advisor, and has rendered a fairness opinion to the board of directors of Lakeland.  Luse Gorman, PC is serving as legal counsel to Lakeland.

**C. The Materially Misleading Registration Statement**

27.    On November 21, 2022, Defendants filed the materially incomplete and misleading Registration Statement with the SEC and disseminated it to Provident's stockholders.  Designed to convince the Company's stockholders to vote in favor of the Stock Issuance, the Registration Statement is rendered misleading by the omission of critical information.

28.    Defendants were obligated to carefully review the Registration Statement prior to its filing with the SEC and dissemination to the Company's shareholders to ensure that it did not contain any material misrepresentations or omissions.  However, the Registration Statement misrepresents and/or omits material information that is necessary for the Company's shareholders

to make informed decisions regarding whether to vote in favor of the Proposed Transaction, in violation of Sections 14(a) and 20(a) of the Exchange Act.

29.     The Registration Statement describes the fairness opinion provided by the Company's financial advisor, Piper Sandler & Co. ("Piper Sandler"), and the various valuation analyses performed in support of its opinion.  However, the Registration Statement omits material information regarding the financial analyses performed by Piper Sandler.

30.     With respect to Piper Sandler's *Comparable Company Analyses* and *Analysis of Precedent Transactions*, the Registration Statement fails to disclose the individual multiples and financial metrics for each of the selected companies and transactions analyzed by Piper Sandler, respectively.

31.     With respect to Piper Sandler's *Net Present Value Analyses,* the Registration Statement fails to disclose the specific inputs and assumptions underlying the discount rate range of 8.0% to 12.0%.

32.     With respect to Piper Sandler's *Pro Forma Transaction Analysis*, the Registration Statement fails to disclose the specific accretion to Provident's estimated earnings per share (excluding one-time transaction costs and expenses) in the years ending December 31, 2023, through December 31, 2025, and dilution to Provident's estimated tangible book value per share at closing of the merger, resulting from the analysis.

## CLAIMS FOR RELIEF

### COUNT I

**For Violations of Section 14(a) and Rule 14a-9 Promulgated Thereunder**
**Against All Defendants**

33.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

34.     During the relevant period, Defendants, individually and in concert, directly or indirectly, disseminated or approved the false and misleading Registration Statement specified above, which failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder by the SEC.

35.     Each of the Individual Defendants, by virtue of his/her positions within the Company as officers and/or directors, was aware of the omitted information but failed to disclose such information, in violation of Section 14(a) of the Exchange Act.  Defendants, by use of the mails and means and instrumentalities of interstate commerce, solicited and/or permitted the use of their names to file and disseminate the Registration Statement with respect to the Proposed Transaction.  The Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

36.     The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder would consider them important in deciding how to vote on the Stock Issuance.

37.     By reason of the foregoing, the Defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

38.     Because of the false and misleading statements in the Registration Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### For Violations of Section 20(a) of the Exchange Act
### Against the Individual Defendants

39.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if set forth in full.

40.     The Individual Defendants acted as controlling persons of Provident within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of Provident, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

41.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

42.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein and exercised the same.  The Registration Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction.  They were, thus, directly involved in the making of the Registration Statement.

43.     In addition, as the Registration Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction.  The Registration Statement purports to describe the various issues and information that they reviewed and considered - descriptions the Company directors had input into.

44.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

45.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and SEC Rule 14a-9, promulgated thereunder, by their acts and omissions as alleged herein.   By virtue of their positions as controlling persons, these Defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of Defendants' conduct, Provident's stockholders will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment and relief as follows:

A.     Preliminarily and permanently enjoining Defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Stock Issuance unless and until Defendants disclose and disseminate the material information identified above to Provident stockholders;

B.     In the event Defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.     Declaring that Defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as SEC Rule 14a-9 promulgated thereunder;

D.     Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.     Granting such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

Dated:  December 12, 2022

**Respectfully submitted,**

By  /s/ *Shallom Engel*
Shallom Engel
**Engel Law PLLC**
2329 Nostrand Avenue, Suite 100
Brooklyn, NY 11210
Telephone: (718) 880-8595
Email: shallom@engellawpllc.com

*Attorneys for Plaintiff*